UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

No. 5:14-CV-00260-BR

| | | |
|---|---|---|
| SHELIA Y. CRUTHIRDS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | ORDER |
| | ) | |
| RAYMOND P. LACEY, et al., | ) | |
| | ) | |
| Defendants. | ) | |

This matter is before the court on the 16 November 2016 motion to dismiss filed by defendants Raymond P. Lacey, Brandi Stewart, Kathy Shearer, Sondra McMillan, Karen Miller, Child Youth School Services/Directorate Family, Morale, Welfare, and Recreation, and John M. McHugh, Secretary of the Department of the Army. (DE # 45.) Plaintiff has filed three responses in opposition to defendants' motion. (DE ## 49, 50, 51.) Defendants did not file a reply brief, and the time within which to do so has expired. This matter is therefore ripe for disposition.

I. BACKGROUND

This case arises from plaintiff's employment from 2010 to 2013 by the Directorate of Family, Morale, Welfare and Recreation ("DFMWR") in a number of positions in the Department of Child and Youth School Services ("CYSS") in Fort Bragg, North Carolina. (Compl., DE # 10, ¶¶ 10-11, 37-38.) Plaintiff claims that, at all times relevant to this lawsuit, she was a Non-Appropriated Fund ("NAF") employee. (Id. ¶ 53.)

Plaintiff began her employment with CYSS in August 2010 as a program assistant. (Id. ¶ 10.) In June 2011, plaintiff was promoted to a Supervisory Program Specialist ("SPS") at

Wonderful World for Kids School Age Program. (Id. ¶ 12.) A few months after her promotion, plaintiff filed an age discrimination complaint which was resolved by a negotiated settlement agreement. (Id. ¶ 13.) Pursuant to the settlement agreement, plaintiff was reassigned to work as SPS at the Cook Child Development Center ("Cook CDC"), where she worked under the direction of Kathy Shearer. (Id. ¶ 14.)

In May 2012, plaintiff wrote an email to her first-level supervisor, Jasmine Edwards, regarding observations of discriminatory practices by Shearer. (Id. ¶ 15.) The following month, in June 2012, Shearer proposed a three-day suspension of plaintiff for knowingly making false and malicious statements against her. (Id. ¶¶ 17-18.) The proposed suspension was upheld by plaintiff's second-level supervisor, Sandra McMillan. (Id. ¶ 19.)

In July 2012, plaintiff began seeking workers' compensation benefits with the Office of Workers' Compensation Programs ("OWCP"). (Id. ¶ 20.) She submitted a claim for Acute Anxiety/Depression, which she claimed was related to non-violent traumatic events in the workplace. (Id. ¶¶ 20-21.) Her claim for benefits was controverted by the Department of the Army. (Id. ¶ 20.) Plaintiff subsequently requested reasonable accommodations away from the Cook CDC, and to step down from her position as SPS. (Id. ¶ 22.) When she did not receive a response to either of her requests, plaintiff obtained legal counsel to assist with her workers' compensation claim. (Id. ¶ 23.)

On 28 November 2012, plaintiff was diagnosed with post-traumatic stress disorder and advised by her physician to take an extended period of eight months of sick leave from work. (Id. ¶ 25.) Thereafter, plaintiff filed and submitted a leave form requesting to be out of work from 8 January 2013 through 20 September 2013. (Id. ¶ 26.) At the time she submitted the request, plaintiff had already been on approved sick leave. (Id.) On 12 December 2012, Shearer

denied the leave request on the basis that plaintiff had exhausted her 12-week leave entitlement under the Family and Medical Leave Act ("FMLA"). (Id. ¶ 28.) Plaintiff subsequently resubmitted a leave form and asked to be placed on Leave Without Pay Status ("LWOP"). (Id. ¶ 29.) On 9 January 2013, Shearer informed plaintiff via letter that her request for LWOP had not been approved. (Id. ¶ 30.)

On 22 January 2013, Brandi Stewart notified Fort Bragg officials that she had been warned by plaintiff and that she and members of the CYSS program had been inundated with emails from plaintiff. (Id. ¶ 32.) Plaintiff's attorney informed plaintiff that she would be barred from Fort Bragg because her emails were perceived as threatening, and withdrew his representation on 24 January 2013. (Id. ¶ 33.) That same day, Colonel Jeffrey M. Sanborn barred plaintiff from Fort Bragg due to threats and harassment of members of the CYSS program. (Id. ¶ 34.) Due to having been permanently banned from Fort Bragg, plaintiff was issued a Notice of Proposed Separation on 15 February 2013. (Id. ¶ 37.) On 12 March 2013, DFMWR Director Raymond Lacey issued plaintiff a notice of decision to remove her from federal service. (Id. ¶ 39.)

Plaintiff filed the present lawsuit on 28 April 2015. (DE # 10.) In her complaint, plaintiff alleges that "by barring her from the installation and terminating [her] Employment, CYSS/DFMWR and the Department of the Army violated [FMLA] by denying her FMLA Leave and interfering with her ability to take leave protected by the FMLA." (Id. ¶ 49.) Plaintiff also asserts a breach of contract claim, claiming that her termination violated Army regulations and the policies set forth for NAF personnel. (Id. ¶¶ 51-56.)

## II. ANALYSIS

Defendants move to dismiss plaintiff's complaint for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure, and for failure to state a claim upon which relief can be granted pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. (Defs.' Mem., DE # 46, at 2.)

**A. Standard of Review**

Rule 12(b)(1) authorizes dismissal of a claim for lack of subject matter jurisdiction. When a defendant challenges subject matter jurisdiction pursuant to Rule 12(b)(1), the court is "to regard the pleadings as mere evidence on the issue, and may consider evidence outside the pleadings without converting the proceeding to one for summary judgment." Evans v. B.F. Perkins Co., 166 F.3d 642, 647 (4th Cir.1999). The plaintiff bears the burden of showing that subject matter jurisdiction exists on a Rule 12(b)(1) motion. Williams v. United States, 50 F.3d 299, 304 (4th Cir. 1995). The court must grant the motion "only if the jurisdictional facts are not in dispute and the moving party is entitled to prevail as a matter of law." Richmond, Fredericksburg & Potomac R.R. Co. v. United States, 945 F.2d 765, 768 (4th Cir. 1991).

Pursuant to Rule 12(b)(6), a court may dismiss a complaint for "failure to state a claim upon which relief can be granted." A Rule 12(b)(6) motion challenges the legal sufficiency of a complaint, and the relevant inquiry is whether the plaintiff's factual allegations are "enough to raise a right to relief above the speculative level." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 570). In considering a motion to dismiss, "[the] court accepts all well-pled facts as true and construes these facts in the light most

favorable to the plaintiff." Nemet Chevrolet, Ltd. v. Consumeraffairs.com., Inc., 591 F.3d 250, 255 (4th Cir. 2009) (citations omitted).

## B. Analysis

### 1. Subject Matter Jurisdiction

Defendants seek dismissal of plaintiff's FMLA claim pursuant to Rule 12(b)(1), arguing that this court has no jurisdiction over this claim because of sovereign immunity. Defendants specifically contend that plaintiff's complaint does not allege facts demonstrating that she was covered by Title I of the FMLA, which provides a private right of action, and therefore fails to allege a basis for subject matter jurisdiction. (Defs.' Mem., DE # 46, at 10.)

The FMLA grants private and federal employees the right to family and temporary medical leave under certain circumstances. 29 U.S.C. § 2612(a)(1); 5 U.S.C. § 6382(a)(1). The FMLA distinguishes between two types of employees. Title I of the FMLA, 29 U.S.C. § 2601 *et seq.*, governs leave for private employees and federal employees not covered by Title II. Title II of the FMLA, 5 U.S.C. § 6381 *et seq.*, governs leave for federal civil service employees who have worked more than twelve months in civil service, are not postal employees, and do not meet the narrow exceptions identified in 5 U.S.C. § 2105(a). Sanders v. Shinseki, No. 11-4179-JTM, 2012 WL 5985469, at * 4 (D. Kan. Nov. 29, 2012). While employees covered by Title I and Title II are afforded equivalent rights to leave time, Title I expressly creates a private right of action to employer action violating FMLA rights. Mann v. Haigh, 120 F.3d 34, 36 (4th Cir. 1997) (citing 29 U.S.C. § 2617(a)(2)). Title II does not contain an analogous provision. Id. The Fourth Circuit Court of Appeals has interpreted the absence of a private right of action in Title II to indicate that Congress has not waived the government's sovereign immunity with respect to FMLA claims by federal employees:

> No unequivocal waiver of immunity exists in Title II, and, consequently, the omission of a provision in Title II similar to that in Title I creating a private right of action is treated as an affirmative congressional decision that the employees covered by Title II of the FMLA should not have a right to judicial review of their FMLA claims through the FMLA.

Id. at 37.

In her complaint, plaintiff alleges that she was a civilian employee of the Department of the Army continuously from August 2010 to March 2013. (Compl., DE # 10, ¶¶ 10, 39.) Although plaintiff acknowledges in her complaint that she was a federal employee for more than a year, she nonetheless argues that as a NAF employee she is considered a Title I-eligible employee. (Pl.'s Resp., DE # 50, at 2.) The Fourth Circuit has noted that "[NAF] employees are covered by Title II of the FMLA," and are therefore specifically excluded from seeking judicial review pursuant to the private action provision of Title I. Mann, 120 F.3d at 37. Accordingly, as a NAF employee, plaintiff is covered under Title II of the FMLA and has no private right of action for enforcement against the federal government. Therefore, to the extent plaintiff brings a FMLA claim against the Department of the Army, this court lacks jurisdiction over her claim.

The Fourth Circuit has not ruled on the issue of whether public employees can be sued in their individual capacities under the FMLA. See Jones v. Sternheimer, 387 F. App'x. 366, 369 (4th Cir. 2010) (recognizing the issue of "whether the FMLA imposes liability on employee supervisors in their individual capacities is an open question in this circuit" but "express[ing] no opinion as to the viability of [plaintiff's] claim"). District courts in the Fourth Circuit are split on this issue. Compare Corbett v. Richmond Metro. Transp. Auth., 203 F. Supp. 3d 699, 708 (E.D. Va. 2016) ("While courts within the Fourth Circuit have not reached a consensus, this Court has twice found that public officials may be sued in their individual capacities under the FMLA.") (citations omitted)); Sheaffer v. Cty. of Chatham, 337 F. Supp. 2d 709, 728 (M.D.N.C. 2004)

(recognizing that public employees can be individually liable under the FMLA); Cantley v. Simmons, 179 F. Supp. 2d 654, 657 (S.D.W.Va. 2002) ("[U]nder a straightforward reading of the statute, individuals employed by a public agency may be considered 'employers' for the purposes of the FMLA if they meet the requirements of 4(a)(ii)."), with Sadowski v. U.S. Postal Serv., 643 F. Supp. 2d 749, 757 (D. Md. 2009) (concluding that "the FMLA does not permit public employees to be held liable in an individual capacity"); Miller v. Cty. of Rockingham, No. 5:06CV00053, 2007 WL 990135, at *4 (W.D. Va. Mar. 30, 2007) (adopting the view that public employees may not be sued in their individual capacity under the FMLA); Keene v. Rinaldi, 127 F. Supp. 2d 770, 778-79 (M.D.N.C. 2000) (concluding that public employees cannot be held individually liable under the FMLA). Nevertheless, as defendants point out in their brief, the district courts that have determined that FMLA liability can attach to public officials as individual persons have done so only in circumstances where an employee's claim was governed by Title I of the FMLA. See Corbett, 203 F. Supp. 3d at 702 (city employee); Sheaffer, 337 F. Supp. 2d at 715 (county employee); Cantley, 179 F. Supp. 2d at 655 (postal employee excluded from coverage from Title II by 5 U.S.C. § 2105 (e)). Thus, based on these decisions it appears that the availability of individual liability is restricted to claims by plaintiffs entitled to a private right of action under Title I of the FMLA.

Given that plaintiff falls within the ambit of Title II of the FMLA, there is no waiver of sovereign immunity for her to bring a cause of action in this court against any of the defendants. Accordingly, plaintiff's claim for violation of the FMLA must be dismissed for lack of subject matter jurisdiction.

## 2. Failure to State a Claim

Defendants also move to dismiss plaintiff's complaint pursuant to Rule 12(b)(6), arguing that plaintiff's claims cannot proceed because they are barred by the doctrines of *res judicata* and accord and satisfaction. (Defs.' Mem., DE # 46, at 15, 21.)

The court notes that both *res judicata* and accord and satisfaction are affirmative defenses. See Andrews v. Daw, 201 F.3d 521, 524 n.1 (4th Cir. 2000) (noting that *res judicata* is an affirmative defense subject to waiver); Parker v. Prudential Ins. Co. of Am., 900 F.2d 772, 776 (4th Cir. 1990) ("Accord and satisfaction is an affirmative defense . . ."). The burden of establishing an affirmative defense rests on the defendant. Goodman v. Praxair, Inc., 494 F.3d 458, 464 (4th Cir. 2007). Because a motion under Rule 12(b)(6) is intended to test "the legal adequacy of the complaint," an affirmative defense is not usually an appropriate ground for dismissal. Richmond, Fredericksburg & Potomac R.R Co. v. Forst, 4 F.3d 244, 250 (4th Cir. 1993); Ga. Pac. Consumer Prods., LP v. Von Drehle Corp., 710 F.3d 527, 533 (4th Cir. 2013) (citations omitted). However, an affirmative defense may be raised through a Rule 12(b)(6) motion when "all facts necessary to the affirmative defense 'clearly appear on the face of the complaint.'" Praxair, 494 F.3d at 464 (quoting Forst, 4 F.3d at 250).

With respect to defendants' asserted defense of *res judicata*, defendants argue that plaintiff is precluded from pursuing her current claims because they arise out of the same transaction as claims resolved in two prior lawsuits that were filed by plaintiff in this court. Defendants ask the court to take judicial notice of both of these prior lawsuits. "[W]hen entertaining a motion to dismiss on the ground of *res judicata*, a court may take judicial notice of facts from a prior judicial proceeding when the *res judicata* defense raises no disputed issue of fact[.]" Andrews, 201 F.3d at 524 n.1. However, a court may only consider documents from the

underlying case on a motion to dismiss if the facts necessary to support the defense of *res judicata* clearly appear on the face of the complaint. See id. Here, plaintiff's complaint clearly discloses that she previously filed "a [c]ivil [l]awsuit against Colonel Jeffrey M. Sanborn for the [b]ar [o]rder." (Compl., DE # 10, ¶ 40.) However, plaintiff's complaint does not contain any allegation with reference to a second court action. Therefore, the court will only take judicial notice of plaintiff's prior suit against Colonel Sanborn in addressing defendants' *res judicata* defense.

"Under the doctrine of res judicata, 'a final judgment on the merits bars further claims by parties or their privies based on the same cause of action.'" Andrews, 201 F.3d at 524 (quoting Montana v. United States, 440 U.S. 147, 153 (1979)). The doctrine of *res judicata* serves to "protect 'litigants from the burden of relitigating an identical issue with the same party or his privy and [to promote] judicial economy by preventing needless litigation.'" Laurel Sand & Gravel, Inc. v. Wilson, 519 F.3d 156, 161-62 (4th Cir. 2008) (quoting Parklane Hosiery Co. v. Shore, 439 U.S. 322, 326 (1979)). Three elements must be present for *res judicata* to prevent a party from raising a claim: "(1) a final judgment on the merits in a prior suit, (2) an identity of the cause of action in both the earlier and later suit, and (3) an identity of parties or their privies in the two suits." Andrews, 201 F.3d at 524 (internal quotations and citation omitted).

As to the first element required to support *res judicata*—a judgment on the merits in a prior suit— plaintiff previously filed a lawsuit in this district on 17 March 2013 against Colonel Sanborn and McHugh. See Cruthirds v. Sanborn, No. 5:13-CV-179-BR (E.D.N.C.) ("Cruthirds I"). On 10 June 2014, following plaintiff's motion to dismiss, which was filed after the government's motion to dismiss, the court dismissed that suit without prejudice. See id., DE # 52. "[The] [c]ourt's previous dismissal without prejudice does not constitute a final judgment on

the merits for the purpose of *res judicata*." Johnson v. O'Brien, No. 7:09cv00165, 2011 WL 11275, at * 4 (W.D. Va. Jan. 3, 2011); see also Mendez v. Elliot, 45 F.3d 75, 78 (4th Cir. 1995) (stating "[t]he 'without prejudice' condition permits a plaintiff to refile the complaint as if it had never been filed"). Therefore, the dismissal of Cruthirds I did not bar subsequent suits by *res judicata*.

With respect to defendants' asserted defense of accord and satisfaction, defendants argue that plaintiff is barred from bringing the instant case because "[she] signed a settlement agreement with the Army releasing any and all claims arising out of her employment prior to May 24, 2016." (Defs.' Mem., DE # 46, at 22.) In the complaint, plaintiff alleges that she entered into a settlement agreement with the Army with regard to her age discrimination complaint in 2011. (Compl., DE # 10, ¶ 13.) However, plaintiff does not make any allegations that indicate the existence of a subsequent settlement agreement covering the subject matter of the instant complaint. Because this asserted affirmative defense does not appear on the face of plaintiff's complaint, it is inappropriate for the court to consider this defense under a Rule 12(b)(6) motion.

## II. CONCLUSION

For the foregoing reasons, defendants' motion to dismiss is GRANTED IN PART and DENIED IN PART. Plaintiff's claim for violation of the FMLA is DISMISSED. Plaintiff's claim for breach of contract remains.

This 22 May 2017.

                                                                              _____
                                                                              W. Earl Britt
                                                                              Senior U.S. District Judge