UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

No. 5:14-CV-00260-BR

| | |
|---|---|
| SHELIA Y. CRUTHIRDS, ) | |
| ) | |
| Plaintiff, ) | |
| v. ) | ORDER |
| ) | |
| RAYMOND P. LACEY, et al., ) | |
| ) | |
| Defendants. ) | |

This matter is before the court on the 26 June 2017 motion to dismiss filed by defendants Raymond P. Lacey, Brandi Stewart, Kathy Shearer, Sondra McMillan, Karen Miller, Child Youth School Services/Directorate Family, Morale, Welfare and Recreation, and John M. McHugh, Secretary of the Department of the Army. (DE # 56.) Plaintiff Shelia Cruthirds filed a response in opposition on 21 July 2017. (DE # 59.) Defendants filed a reply on 3 August 2017, (DE # 60), and plaintiff filed a surreply on 24 August 2017, (DE # 61). The motion has been fully briefed and is ripe for disposition.

I. BACKGROUND

Plaintiff was formerly employed by the United States Army Directorate of Family, Morale, Welfare and Recreation ("DFMWR") in the Department of Child Youth School Services ("CYSS") at Fort Bragg, North Carolina. (Am. Compl., DE # 55, at 2-3.) In 2011, plaintiff filed an administrative complaint of employment discrimination with the Army. (Id. at 3.) In 2012, plaintiff and the Army resolved the discrimination complaint through the execution of a negotiated settlement agreement, which required plaintiff's transfer to the Cook Child Development Center ("Cook CDC") at Fort Bragg. (Id.)

While working at Cook CDC, plaintiff alleges that her first-level supervisor, Kathy Shearer, engaged in "discriminatory behavior . . . to put [plaintiff] in [her] proper place." (Id.) According to plaintiff, this discriminatory treatment caused her to experience issues with anxiety and depression. (Id. at 4.) Plaintiff eventually took an approved sick leave to address her anxiety and depression. (Id. at 2-3.)

In August 2012, while out on leave, plaintiff submitted a reasonable accommodation request asking for a transfer from Cook CDC due to her continuing anxiety and depression. (Id. at 4-5.) Plaintiff did not receive a response to her request. (Id. at 3, 5.) Plaintiff was later diagnosed with post-traumatic stress disorder and advised by her physician to take an extended period of eight months of sick leave from work. (Id. at 3, 6.) Based on this advice, plaintiff submitted leave forms requesting to be out of work for eight months or to be placed on Leave Without Pay Status ("LWOP"). (Id.) Plaintiff's leave requests were denied. (Id. at 3.)

In January 2013, plaintiff's attorney informed her that she would be barred from Fort Bragg because emails she had sent to her coworkers were perceived as threatening, and withdrew his representation. (Id. at 4.) Following this communication, Colonel Jeffrey Sanborn barred plaintiff from Fort Bragg due to threats and harassment of other CYSS employees. (Id.) Plaintiff was subsequently issued a notice of separation due to her inability to go to her place of work. (Id. at 2.) In March 2013, DFMWR Director Raymond Lacey issued plaintiff a notice of decision to remove her from federal service. (Id.)

Plaintiff has filed two prior actions stemming from her period of employment with the Army, debarment from Fort Bragg, and her termination following debarment. The first lawsuit, filed in this district on 17 March 2013, sought nullification of the debarment decision made by Colonel Sanborn and John M. McHugh, Secretary of the Department of the Army. See Cruthirds

v. Sanborn, No. 5:13-CV-179-BR (E.D.N.C.) ("Cruthirds I"). On 10 June 2014, following plaintiff's motion to dismiss, which was filed after the government's motion to dismiss, the court dismissed the suit without prejudice. See id., DE # 52 (E.D.N.C. June 10, 2014). The second lawsuit, filed in this district while Cruthirds I was pending, was filed against McHugh and Karen Miller, plaintiff's fourth-level supervisor. See Cruthirds v. Miller, No. 5:13-CV-849-BO, 2015 WL 507466 (E.D.N.C. Feb. 3, 2015) ("Cruthirds II"). In Cruthirds II, plaintiff alleged that Miller breached the 2012 negotiated settlement agreement, subjected plaintiff to a hostile work environment, intentionally retaliated against her, and discriminated against her based on her race. Id. at *1. Plaintiff further alleged that Miller's actions caused her attorney to withdraw from representation, and ultimately caused her debarment from Fort Bragg. Id. That suit was dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim on 6 February 2015. Id. at *4. Plaintiff appealed, and the Fourth Circuit Court of Appeals affirmed the decision on 21 April 2015. Cruthirds v. Miller, 600 F. App'x 146 (4th Cir. 2015).

Plaintiff filed the present lawsuit on 28 April 2015, alleging that her debarment from Fort Bragg and consequent termination violated the FMLA and constituted a breach of contract. (DE # 10.) On 6 June 2016, while the present suit was pending, plaintiff and the Army entered into a global settlement agreement resolving the claims between them in the lawsuit. (Am. Compl., DE # 55, at 4-5; see also Pl.'s Ex. 3, DE # 55-3.) After entering this settlement agreement, defendants proceeded to file a motion to dismiss for lack of jurisdiction under Federal Rule of Civil Procedure 12(b)(1), arguing that the court lacked subject matter jurisdiction over plaintiff's claims. (Defs.' Mot., DE # 45.) Defendants also argued in the alternative that even if the court had jurisdiction, plaintiff's claims should be dismissed under the doctrines of *res judicata* and accord and satisfaction. (Defs.' Supp. Mem., DE # 46, at 2-3.)

On 22 May 2017, this court issued an order dismissing plaintiff's FMLA claim for lack of subject matter jurisdiction, but allowing the suit to proceed as to plaintiff's breach of contract claim. (DE # 52.) As to the breach of contract claim, the court held that it was not appropriate to consider either the *res judicata* or accord and satisfaction defenses asserted by defendants because the defenses were not apparent from the face of plaintiff's complaint. (Id. at 9-10.) Specifically, the court noted that plaintiff's complaint did not contain any allegation with reference to Cruthirds II or the existence of a settlement agreement covering the subject matter of the complaint.[1] (Id.)

Subsequent to the court's order, plaintiff filed an amended complaint on 12 June 2017. (DE # 55.) The amended complaint reasserts plaintiff's claim for breach of contract for her employment separation and request for accommodations, while adding claims of disability discrimination, violation of EEOC guidelines, and intentional infliction of emotional distress relating to the events leading up to her bar from entry to Fort Bragg and termination from employment. (Id.) In the amended complaint, plaintiff also includes a number of allegations concerning both the second lawsuit and the 2016 global settlement agreement between plaintiff and the Army. (Id. at 2, 4, 5.) Plaintiff specifically asserts that "[t]he last EEO Negotiated Settlement Agreement signed by Plaintiff was also discriminating," (id. at 2), and attaches a copy of the agreement as an exhibit to her amended complaint, (see Pl.'s Ex. 3, DE # 55-3).

## II. DISCUSSION

Defendants once again move for dismissal pursuant to Rule 12(b)(1) for lack of subject matter jurisdiction, and pursuant to Rule 12(b)(6) for failure to state a claim upon which relief can be granted. (Defs.' Mot., DE # 56.)

---

[1] The court found that Cruthirds I, which was referenced in the complaint, was not a dismissal on the merits and therefore did not have *res judicata* effect. (DE # 52, at 9-10.)

**A. Standard of Review**

Rule 12(b)(1) authorizes dismissal of a claim for lack of subject matter jurisdiction. When a defendant challenges subject matter jurisdiction pursuant to Rule 12(b)(1), the court is "to regard the pleadings as mere evidence on the issue, and may consider evidence outside the pleadings without converting the proceeding to one for summary judgment." Evans v. B.F. Perkins Co., 166 F.3d 642, 647 (4th Cir. 1999). The plaintiff bears the burden of showing that subject matter jurisdiction exists on a Rule 12(b)(1) motion. Williams v. United States, 50 F.3d 299, 304 (4th Cir. 1995). The court must grant the motion "only if the material jurisdictional facts are not in dispute and the moving party is entitled to prevail as a matter of law." Richmond, Fredericksburg & Potomac R.R. Co. v. United States, 945 F.2d 765, 768 (4th Cir. 1991).

Pursuant to Rule 12(b)(6), a court may dismiss a complaint for "failure to state a claim upon which relief can be granted." A Rule 12(b)(6) motion challenges the legal sufficiency of a complaint, and the relevant inquiry is whether the plaintiff's factual allegations are "enough to raise a right to relief above the speculative level." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 570). In considering a motion to dismiss, "[the] court accepts all well-pled facts as true and construes these facts in the light most favorable to the plaintiff." Nemet Chevrolet, Ltd. v. Consumeraffairs.com., Inc., 591 F.3d 250, 255 (4th Cir. 2009) (citations omitted).

**B. Analysis**

1. **Subject Matter Jurisdiction**

Defendants first move to dismiss plaintiff's claim relating to the 2016 global settlement agreement for lack of subject matter jurisdiction. (Defs.' Supp. Mem., DE # 57, at 22.) In the amended complaint, plaintiff asserts that the global settlement agreement was "discriminating due to not being allowed to appl[y] for ANY MORE DFMWR [positions] on FORT BRAGG ever again." (Id. at 2.) Plaintiff does not specifically identify any employment discrimination law on which she bases this claim. However, she does make repeated references to her claim for disability discrimination. (Id. at 2, 4.)

Before a plaintiff may file a lawsuit alleging employment discrimination in violation of the Americans with Disabilities Act, "she must first pursue and exhaust administrative remedies which necessarily include filing a timely charge of discrimination with the EEOC." Rudolph v. Buncombe Cty. Gov't, 846 F. Supp. 2d 461, 477-78 (W.D.N.C. 2012) (citing 42 U.S.C. § 12117(a); Davis v. Va. Commw. Univ., 180 F.3d 626, 628 n.3 (4th Cir. 1999)). Defendants argue that plaintiff has not demonstrated that she timely raised this claim with an EEO counselor and, therefore, has not exhausted her administrative remedies with respect to this claim. (Defs.' Supp. Mem., DE # 57, at 22.) Defendants cite to the regulation governing employment discrimination claims brought by federal employees, 19 C.F.R. § 1614.105(a)(1), which provides that "[a]n aggrieved person must initiate contact with a Counselor within 45 days of the date of the matter alleged to be discriminatory or, in the case of personnel action, within 45 days of the effective date of the action." (Id.) The Fourth Circuit has held that a federal employee's failure to consult with an EEO counselor within the time required after an alleged act of discrimination constitutes grounds for dismissing the employee's civil action for failure to exhaust

6

administrative remedies.  Zografov v. Veterans Admin. Med. Ctr., 779 F.2d 967, 968-69 (4th Cir. 1985).

It is undisputed that the global settlement agreement was signed by all parties on 6 June 2016.  Plaintiff's amended complaint does not assert that she contacted an EEO counselor within 45 days of the effective date of the settlement agreement or that she pursued a discrimination claim with the EEO prior to filing the amended complaint.  Because a failure by the plaintiff to exhaust administrative remedies concerning an ADA claim deprives the court of subject matter jurisdiction over the claim, Davis, 180 F.3d at 628 n.3, plaintiff's discrimination claim relating to the 2016 global settlement agreement must be dismissed for lack of subject matter jurisdiction.  See also Steele v. Schafer, 535 F.3d 689, 693 (D.C. Cir. 2008) (stating that "a court may not consider a discrimination claim that has not been exhausted").

### 2. Failure to State a Claim

Defendants argue that plaintiff's amended complaint now cures the deficiencies that the court previously held prevented it from ruling on the merits of both the *res judicata* defense and the accord and satisfaction defense.  (Defs.' Supp. Mem., DE #57, at 9.)  Defendants therefore move for dismissal of plaintiff's claims for breach of contract, disability discrimination, violation of EEOC guidelines, and intentional infliction of emotional distress on the ground that these claims are barred by prior accord and satisfaction and *res judicata*.  (Defs.' Mem., DE # 57, at 11-13, 14-21.)

#### a. Accord and Satisfaction

The affirmative defense of accord and satisfaction is a "method of discharging and terminating an existing right and constitutes a perfect defense in an action for enforcement of the previous claim."  ABB Daimler-Benz Transp., Inc. v. National R.R. Passenger Corp., 14 F.

Supp. 2d 75, 93 (D.C. Cir. 1998) (citation omitted). The Fourth Circuit has held that "compromise and settlement . . . is a subset of the larger class of 'accord and satisfaction.'" Piver v. Pender Cty. Bd. of Educ., 835 F.2d 1076, 1083 n.3 (4th Cir. 1987). In order to establish the affirmative defense of accord and satisfaction, a defendant must prove three elements: (1) a bona fide dispute between the parties; (2) a mutual agreement between the parties to accept something other than what is due to resolve the dispute; and (3) a performance by the parties of that agreement. Parker v. Prudential Ins. Co. of Am., 900 F.2d 772, 776 (4th Cir. 1990) (citation omitted). The burden of proof is on the party asserting the defense to prove that all the elements that constitute a valid accord and satisfaction have been met. Id. at 777.

In her amended complaint, plaintiff alleges that "the Global Negotiated Settlement Agreement signed on 6-6-2016 by Plaintiff was done due [to] Defendants realizing the FMLA & Breach of Contract Lawsuit I had against them." (Am. Compl., DE # 55, at 4.) Plaintiff further alleges that the settlement negotiations resulted in an agreement to settle her claims against the Army for $130,000 and an approval of her disability retirement. (Id. at 5.) While plaintiff acknowledges that she and her EEO representative signed the global settlement agreement resolving her claims against the Army, she now contends that there is no accord and satisfaction because "[she] had no intent of dismissing the lawsuit" and "[she] was not aware there was no law against further litigation involving the Breach of Contract." (Pl.'s Resp., DE # 59, at 3.)

Here, plaintiff's own allegations in the amended complaint belie her argument that she did not knowingly enter into the settlement. The amended complaint states that plaintiff had previous experience with a settlement with the Army, signed the global settlement agreement on the advice of her EEO representative, and rejected the Army's initial offer of $75,000 because she wanted additional damages. (Am. Compl., DE # 55, at 4-5.) These allegations establish that

8

plaintiff knowingly and voluntarily entered into a settlement agreement resolving her FMLA and breach of contract claims. See Cassiday v. Greenhorne & O'Mara, Inc., 220 F. Supp. 2d 488, 493 (D. Md. Aug. 6, 2002) (noting that a court must consider the totality of the circumstances in determining whether an employee made a knowing and voluntary waiver of federal employment discrimination claims, including factors such as the employee's ability to negotiate the terms of the release, the employee's education and business experience, the waiver's consideration, and whether the employee had the advice of counsel). Because the face of the amended complaint establishes that the settlement agreement constituted a valid accord and satisfaction of plaintiff's claims for breach of contract and violation of the FMLA, the court is barred from considering a later lawsuit on the same claims. Consequently, plaintiff's claim for breach of contract in the amended complaint will be dismissed.

### b. Res Judicata

Defendants further argue that plaintiff's remaining claims for disability discrimination, violation of EEOC guidelines, and intentional infliction of emotional distress are subject to dismissal based upon *res judicata*. (Defs.' Supp. Mem., DE # 57, at 14.) "Under the doctrine of res judicata, a 'final judgment on the merits bars further claims by parties or their privies based on the same cause of action.'" Andrews v. Daw, 201 F.3d 521, 524 (quoting Montana v. United States, 440 U.S. 147, 153 (1979)). For *res judicata* to apply, a party must establish three elements: "(1) a final judgment on the merits in a prior suit, (2) an identity of the cause of action in both the earlier and the later suit, and (3) an identity of parties or their privies in the two suits." Id. (citations omitted). "[T]he doctrine of *res judicata* not only bars claims that were actually litigated in a prior proceeding, but also claims that could have been litigated," regardless of

whether the claims were asserted or determined in the prior proceeding. Pueschel v. United States, 369 F.3d 345, 355-56 (4th Cir. 2004) (citations omitted).

As to the first element required to support *res judicata*, defendants assert that this element is established because the court in Cruthirds II issued a final judgment on the merits. (Defs.' Supp. Mem., DE # 57, at 16.) In Cruthirds II, the court dismissed the entire action on the basis that plaintiff had failed to state a claim upon which relief may be granted under Rule 12(b)(6) with respect to her claims for racial discrimination, breach of negotiated settlement agreement, and intentional infliction of emotional distress. See 2015 WL 507466, at *2-4. "Courts have held that, unless otherwise specified, a dismissal for failure to state a claim under Rule 12(b)(6) is presumed to be both a judgment on the merits and to be rendered with prejudice." McLean v. United States, 566 F.3d 391, 396 (4th Cir. 2009) (citing cases); see also Carter v. Norfolk Cmty. Hosp. Ass'n, 761 F.2d 970, 974 (4th Cir. 1985) ("A district court's dismissal under Rule 12(b)(6) is, of course, with prejudice unless it specifically orders dismissal without prejudice."). The order of dismissal in Cruthirds II does not specify that it was without prejudice. As a result, the order of dismissal constitutes a final judgment on the merits.

With respect to the second element of *res judicata*, there is an identity of parties and privity between the parties in the present case and those in Cruthirds II. Two of the parties in this case, Miller and McHugh, are the same as those in Cruthirds II. Plaintiff has added five new defendants to this action: Lacey, Stewart, Shearer, McMillan, and CYSS/DFMWR. However, "the naming of additional parties does not eliminate the *res judicata* effect of a prior judgment." U.S. ex rel. Robinson Rancheria Citizens Council v. Borneo, Inc., 971 F.2d 244, 249 (9th Cir. 1992); see also Bedrock Servs. v. Int'l Bhd. of Elec. Workers Local Union Nos. 238, 342, & 495, 285 F. Supp. 2d 693, 699 (W.D.N.C. 2003) (stating a plaintiff "'cannot avoid the bar of *res*

*judicata* by bringing in additional [defendants]'") (alteration in original) (quoting <u>Bethesda Lutheran Homes & Servs., Inc. v. Born</u>, 238 F.3d 853, 857 (7th Cir. 2001)). Consequently, the inclusion of additional defendants in this suit is not sufficient to defeat the identity of the parties for *res judicata* purposes.

The final element to establish *res judicata*—an identity of the causes of action—focuses on "whether the claim presented in the new litigation 'arises out of the same transaction or series of transactions as the claim resolved by the prior judgment.'" <u>Pittston Co. v. United States</u>, 199 F.3d 694, 704 (4th Cir. 1999) (quoting <u>Harnett v. Billman</u>, 800 F.2d 1308, 1313 (4th Cir. 1986)). The term "transaction" in the context of *res judicata* refers to a "natural grouping or common nucleus of operative facts." <u>Id.</u> (citations omitted). When deciding whether the plaintiff's claims present in the new litigation are rooted in the same nucleus of operative fact as the prior lawsuit, the court considers "'their relatedness in time, space, origin, or motivation, and whether, taken together, they form a convenient unit for trial purposes.'" <u>Id.</u> (quoting Restatement (Second) of Judgments § 24 cmt. b). If the claims arise out of the same nucleus of operative fact, they will be barred even if they involve different harms or different legal theories. <u>Anyanwutaku v. Fleet Mortg. Grp.</u>, 85 F. Supp. 2d 566, 571 (D. Md. 2000); <u>see</u> also <u>Ohio Valley Envtl. Coal v. Aracoma Coal Co.</u>, 556 F.3d 177, 210 (4th Cir. 2009) (noting *res judicata* may apply even though the plaintiff in the first suit proceeded under a different legal theory).

A review of plaintiff's complaint in <u>Cruthirds II</u> reveals that a number of the allegations in plaintiff's amended complaint concern the same incidents—plaintiff's employment with the Army, her debarment, and her subsequent termination—that were the subject of her claims in the prior suit. Both complaints contain allegations relating to the work environment at Cook CDC, plaintiff's efforts to obtain reasonable accommodations in the work place, and discriminatory

and retaliatory employment actions taken against plaintiff while she was a federal employee. Although plaintiff has alleged new claims for disability discrimination, violation of EEOC guidelines, and intentional infliction of emotional distress in her amended complaint, these claims arise from the same pattern of alleged discriminatory and retaliatory conduct that formed the basis of her earlier suit. Because plaintiff's newly asserted claims could have been raised in plaintiff's prior suit, the doctrine of *res judicata* precludes the court from considering these claims. Consequently, these claims will be dismissed.

### III. CONCLUSION

For the foregoing reasons, defendants' motion to dismiss, (DE # 56), is GRANTED. The Clerk is DIRECTED to enter judgment in favor of defendants and close this case.

This 30 August 2017.

_____
W. Earl Britt
Senior U.S. District Judge